The opinion of the Court was delivered by
Gibson J.
At,the last May Term, when this cause was before us on another point, we described the course of the proceedings between a recognisee and terre tenants defending their separate interests on a scire facias., The recognisor and the land are both debtor: the first directly an,d personally, in consequence of the contract to-pay’: the second, as a fund in the hands of whomsoever it may be ; but the recognisor is the person against whom the suit is to be brought, and until he is in Court, the cause cannot proceed for want of parties. Hence, if he does not appear, the plaintiff must do every thing he can to bring him in, or, in case of his death, his personaljrepresentatiye; and must, in either case, proceed *4 for want of appearance, to judgment by default; and having thus disposed of the legal party, he may pursue against the land. The terre tenant, who has come in upon notice, then m'akes defence,,which, it is obvious, may be different from, and therefore is always necessarily unconnected with, the defence of the .recognisor :—as for instance he may plead a release of the particular land from the lien of the proceedings in the Orphans’ Court. . Each defends separately, and as the issue between the. plaintiff and the terre tenants is collateral to the proceedings against the recognisor, who is the defendant on record, so must the judgment be, which is, that the plaintiff have execution of the lands in the hands of the terre tenant for as much as has been found against him. Here then the commencement of -the error was, in swearing the jury as if the administratrix; of the recognisor were a party to the issue, and jointly concerned in the defence set up by the terre tenants, when she had, in fact, been defaulted, her responsibility in respect of the ássets fixed, and when she was to be considered a párty for no other purpose than to enable the plaintiff to proceed against ¡the land. As she represented only the interests of the recognisor and was no party to the- issue, it is plain, that his admissions, could not affect those' who were bona fide purchasers from him before those admissions were made, and who therefore were neither .parties nor privies. This is thei principle ^so familiar-in questions respecting the effect of recitals in deeds. But it-is said," that as the judgment against the administratrix is for the penalty of, the recognisance, the condition ofiwhich is the payment ofi.an indefinite sum, it is necessary that a jury or inquest should assess the sum due; and that the verdict against the terre tenants would, necessarily conclude the administratrix as a party to it, on the same ground that a jury, assessing damages against a joint trespasser, are also to assess the damages against those who have suffered judgment tdgo by default ; and that, in that view, the declarations of the récognisor were evidence against his own estate, as far as it was involved. There is not, however, the most remote resemblance between the case of joint trespassers, when the judgment is the same against all; and when the jury who try the issue as to those who appear, also assess the damages against those who have suffered'judgment to go by default, *5 and the case of a recognisor and terre tenant who represent distinct interests in different rights, and against whom there are separate judgments which differ in their nature and fre- .... , . - quently in their amount. We are therefore of opinion, the issue. was exclusively between the plaintiffs and the terre, tenants, and that swearing the jury, as if the administratrix were a party, was error, and did not render her legitimately such and that as the estate of Kean the recognisor, was not involved in the question, his declaration's or admissions subsequent to the time when he parted with the land, were.not evidence to affect it in the hands of the terre tenants.,
On the' other hand, it is urged that as the declarations of Kean were, actually admitted to charge him, his subsequent declarations, that he had since paid the debt, ought also to have been admitted as rebutting evidence. The rule is that a particular,part of a confession shall not be selected, but the party is entitled to all he said at thé time, as explanatory of the expressions adduced ; but it goes no further ; for an admission would be of little value, if it might, when found to have been indiscreetly made, be afterwards qualified, or avoided altogether, by counter declarations. These fall within the rule, that a party shall not make evidence for himself, and it is therefore too, clear for argument, that, they were properly rejected.
Judgment reversed, and a venire facias de novo awarded.